IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LINDSAY SCOTT STEVENS, TDCJ-CID No. 02154605, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | 2:25-CV-234-Z-BR |
| DUSTIN L. SPAGGIARI, | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is a Motion for Summary Judgment (the "Motion") filed by Defendant Dustin L. Spaggiari ("Spaggiari"). (ECF 9). For the reasons stated herein, the Magistrate Judge recommends that the Motion be GRANTED.

## I. BACKGROUND

Stevens's Complaint arises from assaults that he says he suffered while a prisoner at the Clements Unit of the Texas Department of Criminal Justice ("TDCJ"). Stevens claims that Cristian Gonzalez ("Gonzalez"), a Clements Unit guard, and another prisoner sexually assaulted him while he was in a high-security holding cell. (ECF 4 at 4). He claims that, in a separate incident, Spaggiari used a slot tool to break his arm, and then sprayed him with chemical agents, to silence him about Gonzalez's assault. (*Id.* at 4-5). Stevens filed this civil rights lawsuit on August 21, 2024, seeking compensatory damages. Upon the defendants' motion and because Stevens's complaints against Gonzalez and Spaggiari arise out of different incidents, the Court severed the claims. (ECF 1). The claims against Spaggiari are solely at issue herein.

Spaggiari filed the Motion on December 30, 2025, seeking summary judgment on his affirmative defense of qualified immunity. Stevens did not respond to the Motion.

## II. SUMMARY JUDGMENT STANDARD

**A.      Summary Judgment is Proper if No Genuine Dispute as to Any Material Fact.**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must resolve all reasonable doubts in favor of the party opposing the motion. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The nonmovant then must provide affirmative evidence to defeat summary judgment. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor...unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). The Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the

movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all evidence but must not make any credibility determinations or weigh the evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

Because he proceeds *pro se*, Stevens's pleadings are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed") (quotation omitted). Nevertheless, *pro se* parties must "still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. Nov. 10, 1999); *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.") (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).

**B.    Defendant's Qualified Immunity Defense Alters the Burden of Proof.**

Spaggiari moves for summary judgment on his affirmative defense of qualified immunity. "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Argueta v. Jaradi*, 86 F.4th 1084, 1088 (5th Cir. 2023) (citing *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc)). Once an officer pleads qualified immunity, the plaintiff has the burden to establish that the officer violated the plaintiff's clearly established federal rights. *Argueta*, 86 F.4th at 1088 (citing *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005)). "This is a demanding standard." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1517 (2016). Because qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law, … we do not deny its protection unless existing precedent

3

places the constitutional question beyond debate." *Argueta*, 86 F.4th at 1088 (internal citation and quotation omitted).

A qualified immunity defense alters the usual summary judgment burden of proof. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). "Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id*. To trigger the qualified-immunity framework, however, the government official must "satisfy his burden of establishing that the challenged conduct was within the scope of his discretionary authority." *Sweetin v. City of Texas City*, 48 F.4th 387, 392 (5th Cir. 2022) (quoting *Cherry Knoll, L.L. C. v. Jones*, 922 F.3d 309, 318 (5th Cir. 2019)). For example, in *Sweetin,* the Fifth Circuit held this "oft-overlooked threshold requirement" was dispositive "because state law does not give a permit officer the authority to conduct stops of any kind." *Sweetin,* 48 F.4th at 392. In this case, however, Stevens does not dispute that Spaggiari was acting within the scope of his duties.

To determine if an official acting within the scope of his or her duties is entitled to qualified immunity, courts conduct a two-step analysis. First, they examine whether the plaintiff has shown a violation of a constitutional right under current law. *Bevill v. Fletcher*, 26 F.4th 270, 275 (5th Cir. 2022) (quoting *Benfield v. Magee*, 945 F.3d 333, 337 (5th Cir. 2019)). Second, if a violation has occurred, courts determine whether the right in question was "clearly established" at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct. *Id.* In short, an officer is entitled to qualified immunity "if there is no violation, or if the conduct did not violate law clearly established at the time." *Bailey v. Iles*, No. 22-30509, 2023 WL 8062239 at *2 (5th Cir. Nov. 21, 2023). Courts have the discretion to decide "which of the two

prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The qualified immunity defense is appropriately resolved at the summary judgment stage when (1) a plaintiff has established that the defendant has engaged in the complained-of conduct or (2) the court "skip[s], for the moment, over ... still-contested matters to consider an issue that would moot their effect if proved." *Haverda v. Hays County*, 723 F.3d 586, 599 (5th Cir. 2013). "'If resolution of [qualified immunity] in the summary judgment proceedings turns on what the defendant actually did, rather than on whether the defendant is immunized from liability ..., and if there are conflicting versions of his conduct, one of which would establish and the other defeat liability, then the case is inappropriate for summary judgment.'" *Id.* (quoting *Barker v. Norman*, 651 F.2d 1107, 1123-24 (5th Cir. Unit A July 1981)).

Accordingly, the qualified immunity inquiry at this stage requires that the Court "accept the plaintiff's version of the facts (to the extent reflected by proper summary judgment evidence) as true." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004); *see Tolan v. Cotton*, 572 U.S. 650, 651 (2018) ("[I]n ruling on a motion for summary judgment, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" (quoting *Anderson,* 477 U.S. at 255). And, particularly applicable in *pro se* cases, verified complaints and other verified pleadings serve as competent summary judgment evidence. *Falon v. Holly*, 480 F. App'x 325, 326 (5th Cir. 2012) (per curiam) (citing *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003)).

"Although summary judgment may be appropriate based on a plaintiff's inability to prove the facts essential to recovery, this has 'nothing to do with the qualified immunity defense,'" *Haverda*, 723 F.3d at 599 (quoting *Barker*, 651 F.2d at 1124), as "immunity ... [is] an entitlement

distinct from the merits of the case," *Good v. Curtis*, 601 F.3d 393, 397 (5th Cir. 2010) (citation and quotation marks omitted).

**C.      Stevens's Failure to Respond is Not Dispositive.**

When a nonmoving party does not file a response to a motion for summary judgment, the failure to respond "does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023).  As the United States Court of Appeals for the Fifth Circuit has explained:

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees) for State Colleges & Universities*, 757 F.2d 698, 709 (5th Cir. 1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id*. at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (*citing Hibernia*). Moreover, FED. R. CIV. P. 56(e) provides that:

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Therefore, Spaggiari still must provide sufficient evidence upon which the Court may base a summary judgment. Failure to do so requires the Court to deny the Motion, even if it is unopposed.

### III. LEGAL ANALYSIS

**A.      Stevens's Eighth Amendment Claim.**

It is clearly established that prison staff cannot cause the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 320 (1986). The "core judicial inquiry" into a plaintiff's claim of excessive force under the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Martin v. Seal*, 510 F. App'x 309, 312 (5th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Minimal uses of force that do not rise to a level "repugnant to the conscience of mankind" do not state a constitutional violation. *Hudson,* 503 U.S. at 9. The inquiry has two components: 1) an objective component that focuses on whether the alleged wrongdoing was nontrivial and harmful enough to violate the constitution; and 2) a subjective component that focuses on the mental state of the alleged wrongdoer. *Id.* at 7-8. The Supreme Court in *Hudson* articulated the following relevant factors to consider when evaluating whether a use of force was excessive: (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. *See id*. at 7; *see also Cowart v. Erwin*, 837 F.3d 444, 452 (5th Cir. 2016) (reciting the "well-known *Hudson* factors").

However, an inmate must allege more than *de minimis* injury to justify an excessive force finding. The injury "must be evaluated in the context in which the force was deployed." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (citing *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999)). Although a showing of "significant injury" is no longer required in the context of an excessive force claim, "we do require a plaintiff asserting an excessive force claim to have

suffered at least some form of injury." *Id.* (citing *Williams*, 180 F.3d at 703). The injury must be more than a *de minimis* injury and must be evaluated in the context in which the force was deployed. *Glenn*, 242 F.3d at 314.

One way to distinguish if an injury is "*de minimis*" is to consider whether medical care was needed to treat the injury. *See Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999). In *Gomez*, the court determined that the plaintiff "did not seek or receive medical treatment" for his alleged injury, and thus his injury was considered *de minimis*:

> In *Siglar*, we described the complained of conduct and injury as follows: "[the corrections officer] twisted Siglar's arm behind his back and twisted Siglar's ear. Siglar's ear was bruised and sore for three days but he did not seek or receive medical treatment for any physical injury resulting from the incident. There is no allegation that he sustained long term damage to his ear." [*Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997)]. We stated that these allegations presented the question "whether Siglar's bruised ear amounts to a 'physical injury' that can serve as the basis for his excessive force" claim, and concluded that because "Siglar's alleged injury—a sore, bruised ear lasting for three days—was *de minimis*" he had therefore "not raised a valid Eighth Amendment claim for excessive force." *Id*.

*Gomez*, 163 F.3d at 924. While Stevens alleges that Spaggiari fractured his arm with the slot tool (ECF 4 at 8), the undisputed medical records show that, while Stevens complained that his wrist hurt immediately after the incident, a nurse noted no injuries at that time. (ECF 9-2 at 20). Later in the day, the nurse again assessed Stevens's wrist, noting a half-inch laceration with no bleeding and some swelling. (ECF 9-3 at 150). Stevens was given an ice pack and instructed on how to use it to reduce the swelling. (*Id.*). Stevens does not allege injury from the chemical spray.

In addition, the video evidence provided by Spaggiari does not show a noticeable injury on Stevens's arm after the use of force, and Stevens does not appear to be in pain or holding his arm awkwardly, as if broken or otherwise severely injured. Therefore, the undisputed evidence contradicts Stevens's claim that Spaggiari broke his arm. When "there is video evidence that 'blatantly contradict[s]' the plaintiffs' allegations, the court should not adopt the plaintiffs' version

of the facts; instead, the court should view those facts 'in the light depicted by the videotape.'" *Hodge v. Engleman*, 90 F.4th 840, 845-46 (5th Cir. 2024) (quoting *Craig v. Martin,* 49 F.4th 404, 409 (5th Cir. 2022)). The U.S. Supreme Court has instructed that, when the video evidence is conclusive, the Court should "view[] the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007). As noted by the *Hodge* court, the Fifth Circuit has applied this standard many times. *Hodge*, 90 F.4th at 846; *see also Livingston v. Texas*, No. 22-40719, 2023 WL 4931923 (5th Cir. Aug. 2, 2023) (per curiam) (affirming summary judgment on qualified immunity grounds by relying on police dashcam footage that contradicted plaintiff's claims). "In sum, a court may rely on video evidence to resolve any claimed genuine disputes of material fact and rule on summary judgment." *Hodge*, 90 F.4th at 846. Therefore, when the video "blatantly contradicts" Stevens's version of events as recounted in his sworn questionnaire responses, the video controls.

In addition, the use of force occurred in the context of a split-second decision as Stevens reached through the slot door to grab at Spaggiari. (ECF 10). While it appears that Spaggiari made little effort to temper the severity of his response, the video indicates that his response was immediate to ensure that Stevens did not latch on to his leg, and that Spaggiari may well have reasonably perceived a threat. (*Id*.). While the need for force in the situation is questionable, given that it appears he could have stepped out of Stevens's reach and stayed out of his reach, the Court cannot say, based on the evidence before it, that Spaggiari used force "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. By failing to respond to the Motion, Stevens has not provided evidence creating a material factual dispute as to this issue.

The undisputed evidence shows, at most, *de minimis* injuries that do not rise to the level of a constitutional violation. *See Westfall v. Luna*, 903 F.3d 534, 549-50 (5th Cir. 2018) (recognizing

that abrasions, bruises, bloody urine, and high blood pressure and heart rate are *de minimis* injuries insufficient to support an excessive force claim); *Brooks v. City of W. Point, Miss*., 639 F. App'x 986, 990 (5th Cir. 2016) (finding that abrasions to hands and knees, some neck and back pain, and unspecified problems with asthma are *de minimis* injuries). Spaggiari's Motion should be granted.

**B.      Clearly Established Law.**

Even if Spaggiari violated Stevens's constitutional rights by using excessive force, he still is entitled to summary judgment based upon the second prong of the qualified immunity analysis. Stevens has failed to provide clearly established law that Spaggiari's conduct was not objectively reasonable. "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotation omitted). There are two ways for a plaintiff to demonstrate that a defendant's conduct violated clearly established law. *Batyukova v. Doege,* 994 F.3d 717, 726 (5th Cir. 2021). Under the first, more typical approach, the plaintiff must "identify a case" or "body of relevant case law" in which "an officer acting under similar circumstances ... was held to have violated the [Constitution]." *Id*. While there need not be a case directly on point, the unlawfulness of the challenged conduct must be beyond debate. *Id.* Under the second approach, there can be the rare "obvious case," where the unlawfulness of the officer's conduct is so egregious that it is sufficiently clear although existing precedent does not address similar factual circumstances. *Id.* at 726 (citing *Dist. of Columbia v. Wesby*, 538 U.S. 48, 65 (2018)); *see also Brosseau v. Haugen*, 543 U.S. 194, 199 (2004).

"In determining what constitutes clearly established law, [the Fifth Circuit] looks to Supreme Court precedent and then to [its] own." *Hicks v. LeBlanc*, 81 F.4th 497, 503 (5th Cir. 2023), (quoting *Shumpert v. City of Tupelo*, 905 F.3d 310, 320 (5th Cir. 2018)). When there is no

direct controlling authority, "[the Fifth Circuit] may rely on decisions from other circuits to the extent that they constitute a robust consensus of cases of persuasive authority." *Id.* "It is the plaintiff's burden to find a case in his favor that does not define the law at a high level of generality." *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019). Stevens has failed to meet this burden. This is a separate basis upon which the Motion should be granted.

## IV. RECOMMENDATION

For the reasons set forth above, the U.S. Magistrate Judge recommends that Defendant Dustin L. Spaggiari's Motion For Summary Judgment be GRANTED.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 6, 2026.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).